**DENNIS STEINMAN,** OSB No. 954250
dsteinman@kelrun.com
**SCOTT J. ALDWORTH,** OSB No. 113123
saldworth@kelrun.com
Kell, Alterman & Runstein, L.L.P.
520 S.W. Yamhill, Suite 600
Portland, OR  97204
Telephone: 503/222-3531
Fax: 503/227-2980
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JEANNE MARIE MOORE and LUTHER GREULICH,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CITY OF EUGENE, a municipality of the State of Oregon; and OREGON DEPARTMENT OF TRANSPORTATION, an agency of the State of Oregon,<br><br>                    Defendants. | Case No.<br><br>COMPLAINT<br>(Title II of Americans with Disabilities Act, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; ORS 659A.142; Declaratory Judgment)<br><br>DEMAND FOR JURY TRIAL |

For their Complaint against Defendants, Plaintiffs allege as follows:

## I.      INTRODUCTION

In the middle of the night in a dark, unfamiliar hotel room, many people have stubbed their toes or worse navigating unfamiliar terrain.  Blind persons encounter this on a daily basis when stepping outside of the familiarity of their homes.  Many blind individuals use a long cane to navigate around city blocks.  Most blind individuals who use a cane will go out in familiar

COMPLAINT                                                                                      **Page 1**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

territory where they've oriented themselves and know exactly where to go, such as from home to the supermarket or a restaurant. When traveling to a new place, this becomes very difficult. But even in their home town, when street disruptions occur, such as sidewalk or street construction, it presents the same disorienting situation as being in a completely different city. In those situations, without appropriate notification and ADA accommodations, the blind traveler will find it very difficult, if not impossible, to travel safely and independently within the environment. In places where these standards are not met, blind individuals will often stay home and self-isolate instead of going out into the community.

The City of Eugene and the Oregon Department of Transportation have consistently and continuously failed to provide blind pedestrians with required and safe accessible paths of travel through Eugene's construction areas. Because of the significant amount of construction in Eugene, and because of the failure to provide safe access through the construction sites, most blind individuals in Eugene are left isolating at home or relying on others to lead them through the disruption. This case is brought to ensure the disabled have the independence to navigate our streets safely as required by state and federal laws.

## II.    JURISDICTION AND VENUE

1.    This is an action for declaratory and injunctive relief under 42 U.S.C. § 12133 for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; under 29 U.S.C. § 794a for violation of Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794; and supplemental state law claims for declaratory judgment and under ORS 659A.142. This court has jurisdiction over Plaintiffs' federal claims under 28 U.S.C. § 1331. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of operative fact. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy

COMPLAINT                                                                                  **Page 2**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

under Article III of the United States Constitution.

2.    Defendants' acts occurred in the District of Oregon and, at all material times, the parties resided or did business in the State of Oregon.

### III.    PARTIES

3.    Plaintiffs Jeanne Marie Moore ("Plaintiff Moore") and Luther Greulich ("Plaintiff Greulich") (collectively "Plaintiffs") are residents of Eugene, Oregon.  Plaintiff Moore and Plaintiff Greulich are partners.  Plaintiff Moore is blind and is a qualified individual with a disability, as that term is defined by 42 U.S.C. § 12131(2), 29 U.S.C. § 705(20), and ORS 659A.104.  Plaintiff Greulich associates with a qualified individual with a disability.  Plaintiff Moore and Plaintiff Greulich are aggrieved persons, as that term is used in 42 U.S.C. § 12133, 29 U.S.C. § 794a, and ORS 659A.885.

4.    At all times mentioned herein, Defendant City of Eugene ("Defendant Eugene") was and is a political subdivision of the State of Oregon.  Defendant Eugene is responsible for ensuring the safety and accessibility of all city roads and sidewalks located within the city of Eugene.  Defendant Eugene has regulatory and oversight authority over all construction projects that affect the safety and accessibility of city roads and sidewalks located within the city of Eugene.

5.    At all times mentioned herein, Defendant Oregon Department of Transportation ("Defendant ODOT") was and is an agency of the State of Oregon.  Defendant ODOT is responsible for ensuring the safety and accessibility of all state roads and state public rights of way located within the city of Eugene.  Defendant ODOT has regulatory and oversight authority over all construction projects that affect the safety and accessibility of state roads and state public rights of way located within the city of Eugene.    Defendant ODOT is also responsible for

COMPLAINT                                **Page 3**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

issuing regulatory guidance, including drawings and specifications, regarding safety and accessibility in construction zones that are applicable to both public and private projects.

6.      Defendant ODOT also has regulatory and oversight authority over all construction projects that affect the safety and accessibility of city roads and sidewalks located within the city of Eugene that receive federal funds.  Federal funds flow from the Federal Highway Administration to Defendant ODOT.  The Stewardship and Oversight Agreement Defendant ODOT entered into with the Federal Highway Administration that governs projects involving federal aid requires Defendant ODOT to assume oversight over such projects and to ensure that they comply with federal law, which includes the ADA and Section 504, and state law, which includes ORS 659A.142.  Defendant ODOT has also entered into agency agreements with local government entities, including Defendant Eugene, under which Defendant ODOT passes federal funds to local governments to complete public works projects.  The agency agreement between Defendant ODOT and Defendant Eugene requires all work performed under the agreement to comply with certain federal standards, including the Manual on Uniform Traffic Control Devices, but explicitly states that the state government "retains responsibility under federal law and regulations for all delegated activities."  Defendant Eugene has accepted federal funds from Defendant ODOT pursuant to this agreement for public works projects, including the current South Willamette Street Enhancement project.  Plaintiffs are third party beneficiaries to this agreement.

## IV.    ALLEGATIONS

7.      Plaintiff Moore uses a long cane outside of her home to navigate her immediate environment through tactile means.  Without appropriate notification and required ADA accessibility components, Plaintiff Moore finds it very difficult, if not impossible, to travel safely and independently within the environment, especially when the terrain includes drop offs, open curb cuts, and other obstacles.  In environments where these standards are not met, Plaintiff

COMPLAINT                                                                                          **Page 4**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

Moore will often stay home and self-isolate instead of going out into the community or will rely on companions, such as Plaintiff Greulich or hired third parties, to help guide her through inaccessible environments.

8.      On or about June 23, 2016, Plaintiff Moore was injured when she walked into a control box attached to a utility pole on a sidewalk in the city of Eugene because the control box protruded into the walking path and the pole did not have required cane detectable warnings. After this incident, on March 6, 2017, Plaintiff Greulich met with 10 to 20 people in Defendant Eugene's Public Works Engineering Department.  Plaintiff Greulich has been a licensed general contractor in California since 1978 and has been licensed as a residential general contractor in Oregon since 2014.  Through his work as a contractor, Plaintiff Greulich has experience with closures affecting public rights of way.  At the meeting, Plaintiff Greulich presented a detailed overview of issues that needed to be addressed relating to the safety of blind pedestrians and other pedestrians with disabilities.  He specifically talked about issues around construction sites involving tripping hazards and failures to provide an accessible path of travel for disabled pedestrians.  He also talked about the systemic issues that allowed these problems to occur, including a lack of awareness and training for both contractors and regulators, a lack of institutional memory at the Engineering Department, and a repeated failure to enforce the law. He provided his contact information and offered to assist in any way he could to prevent any further problems.  While Defendant Eugene claimed to have subsequently placed cane detectable pieces of tire stops under approximately 22 similar hazards, none of the other issues raised by Plaintiff Greulich were addressed and the systemic problems continued.

9.      On or about July 31, 2020, Wildish Construction Company was working on the South Willamette Street Enhancement as a contractor and agent for Defendant Eugene.  The South Willamette Street Enhancement project is public construction being completed by Defendant Eugene that is partially paid for with federal funds and, therefore, is subject to

COMPLAINT                                         **Page 5**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

oversight by Defendant ODOT. Plaintiff Greulich contacted Brian Root, the Project Manager for Defendant Eugene who was in the room for Plaintiff Greulich's March 6, 2017 presentation, after he discovered an open, unprotected, and unsupervised excavation/trench on the southeast corner of the intersection of South Willamette and East 26th Avenue. Cane detectable barriers were put in place as requested by Plaintiff Greulich as a minimum acceptable solution to his understanding of ADA requirements. However, this was done under protest by Wildish and Defendant Eugene's on-site representatives, who maintained they were complying with ODOT rules and plans provided by Defendant Eugene and that such barriers were not required. Approximately three weeks after this incident, Plaintiff Greulich encountered another open, unprotected, and unsupervised excavation/trench only a few blocks away.

10.     Since that time, Plaintiffs have continued to encounter, recognize, document, and report accessibility hazards at construction sites throughout Eugene and have repeatedly tried to get Defendant Eugene and Defendant ODOT to remedy the problems, without success. Defendant Eugene and Defendant ODOT have created or allowed, and continue to create and allow, construction zones in Eugene to exist without complying with required public right of way pedestrian accessibility and safety standards and laws.

11.     The standards for public right of way pedestrian accessibility in construction zones is set by the Manual on Uniform Traffic Control Devices ("MUTCD"), which was published by the Federal Highway Administration pursuant to its regulatory authority and has been adopted by regulation as creating the national standard. 23 C.F.R. § 655.603. Defendant ODOT has adopted the MUTCD as the uniform standard in the state. OAR 734-020-0005. Defendant Eugene also requires that a Temporary Pedestrian Accessible Route ("TPAR") plan that meets the requirements of the MUTCD be in place for all pedestrian pathways that are impacted by construction. Eugene Standard Specifications of Construction § 00220.02(b). Additionally, there are several federal, state, and city rules that either require compliance with

COMPLAINT                                                              **Page 6**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

the MUTCD or otherwise require that construction sites be accessible to people with disabilities, including but not limited to the U.S. Access Board's *Proposed Accessibility Guidelines for Pedestrian Facilities in the Public Right of Way* (July 26, 2011), the Oregon Structural Specialty Code, Defendant ODOT's ADA Transition Plan, ODOT Technical Services Directive TSB17-01D (Oct. 1, 2017), the Oregon Temporary Traffic Control Handbook, Defendant ODOT's Standard Drawings, Defendant ODOT's Qualified Products List, Defendant Eugene's ADA Transition Plan, Chapter 7 of the Eugene City Code, and Defendant Eugene's Public Improvement Design Standards Manual.

12.     Parts 6D.01 and 6D.02 of the MUTCD establish two methods of creating an alternate route through or around a construction zone that is accessible to individuals with disabilities.[1]  The first—and, according to the MUTCD, preferred—method is establishing "a detectable, channelized pedestrian route."  When this method is used, "a continuous detectable edging should be provided throughout the length of the facility such that pedestrians using a long cane can follow it."  The second acceptable method is blocking the sidewalk and creating an alternate crossing to a detour route.  In this situation, advance notice must be provided at the point where the pedestrian is directed to cross the street.  This notice also must be designed in such a way to adequately notify blind pedestrians.  This may be done by placing a barrier across the full width of the closed sidewalk, but the preferable method under the MUTCD is the provision of an audible information device that directs blind pedestrians to the alternate route.

13.     Plaintiffs encountered construction sites in Eugene where these standards were routinely not met.  This included construction sites where: detour routes lead directly into the

---

[1] The MUTCD also contemplates "adding free bus service around the project or assigning someone the responsibility to assist pedestrians with disabilities through the project limits." However, Defendants have not provided a free bus service at any of the projects underlying this case and assigning an individual to assist pedestrians with disabilities is not feasible at construction sites like those underlying this case, which are in place for an extended period of time and obstruct public rights of way after working hours.

COMPLAINT                                                                                          **Page 7**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

middle of a street, exposing the pedestrian to traffic approaching from behind; open trenches are located on detour routes; detour routes lead directly into an unannounced intersection with very heavy cross-traffic; signage notifying pedestrians of a detour is incorrectly placed past the start of the detour route; detour routes are minimally separated from approaching traffic by traffic pylons and caution tape; detour routes are separated from open trenches by caution tape that would be undetectable to a cane walker; construction zones are left exposed, creating a danger that a pedestrian could fall into a dug out area of rebar and gravel; and numerous tripping hazards and other obstructions that protrude onto pedestrian walking paths.  Each of these violations of the MUTCD requirements rendered the pedestrian right of way inaccessible to Plaintiff Moore, other blind pedestrians, and other pedestrians with disabilities.

14.     On or about February 1, 2021, Plaintiffs filed tort claim notices with Defendants. The notices described in detail the repeated failures to comply with the MUTCD requirements at construction sites under the authority of Defendant Eugene and Defendant ODOT.  Plaintiffs provided video evidence showing examples of the issues described in paragraph 12.  Plaintiffs subsequently provided Defendants with a list of actions they believed Defendants needed to take to remedy this system-wide problem.

15.     On April 29, 2021, Plaintiffs provided Defendants with a report from a Certified Orientation & Mobility Specialist ("COMS") to give further confirmation regarding the scope of the issues and to encourage Defendants to fix the problem without the need for litigation.  A COMS is trained to assist blind and low vision individuals in learning how to safely navigate their environment.  In the report, the COMS described visiting seven construction sites in Eugene and determining that all seven were inaccessible to individuals with disabilities and presented serious hazards to their safety.  The report described in detail the problems at each of the sites that rendered them inaccessible and what needed to be done to fix them.

COMPLAINT                                                                                  **Page 8**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

16.     On June 4, 2021, Defendant ODOT responded to Plaintiffs.  Defendant ODOT agreed that the MUTCD set the relevant standard, but claimed that Defendant Eugene was responsible for all of the problems Plaintiffs had identified.  Defendant ODOT stated that it would be willing to conduct a review of one project receiving federal funds—the South Willamette Street Enhancement—and evaluate its own training materials and guidance.  Beyond agreeing to this oversight that it was already required to perform, Defendant ODOT was unwilling to take any action in response to the issues raised by Plaintiffs.

17.     On June 14, 2021, Defendant Eugene responded to Plaintiffs.  Defendant Eugene also agreed that the MUTCD set the legal standard that applied to construction projects in Eugene.  Defendant Eugene claimed, however, that it was complying with those standards.  Paradoxically, Defendant Eugene also claimed that it had visited the sites identified in the COMS's report and brought those sites into compliance.  Defendant Eugene claimed it had increased inspection of work zones, but was unwilling to make any other concrete changes to address the problem.

18.     Between June 26 and 28, 2021, Plaintiff Moore encountered multiple construction zones that were inaccessible.  On June 26, 2021, Plaintiff Moore walked on West 11th Ave. and Charnelton St. near her chiropractor's office when she encountered a construction site.  She followed what she believed to be the detour route with her long cane, but it led to a dead end and she was unable to find a safe route through the construction zone.  On June 28, 2021, Plaintiff Moore walked along South Willamette Street on the route she takes to her nail salon, grocery store, and bookstore when she encountered an unmarked trench at 18th Ave.  In both instances, she feared for her safety and was forced to rely on a sighted individual to prevent her from being injured.

COMPLAINT                                                          **Page 9**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

19.     Plaintiffs retained an expert on the ADA and the MUTCD to visit fourteen construction sites throughout Eugene on June 30 and July 1, 2021.  The expert concluded that— even after Defendant Eugene's representations that it had increased inspections and was fully compliant with the MUTCD—all fourteen sites were non-compliant and denied pedestrians with disabilities a safe and accessible right of way.  The construction zone that had the most violations, by far, was the South Willamette Street Enhancement project, for which Defendants Eugene and ODOT are both responsible.  The South Willamette Street Enhancement project has numerous violations that pose a direct threat to the safety of pedestrians with disabilities, including but not limited to open trenches, a lack of detour routes, tripping hazards, signs intruding into the path of travel, and Accessible Pedestrian Signals that remained active and directed pedestrians to cross the street directly into active construction areas.

20.     Plaintiffs have attempted to work with Defendant Eugene and Defendant ODOT to make meaningful reforms to correct this systemic problem.  Defendant Eugene and Defendant ODOT have been unwilling to make the reforms necessary to address the scale of the problem.

## V.     CLAIMS

### FIRST CLAIM FOR RELIEF

### (Against Defendant Eugene)

### (42 U.S.C. § 12132 – Title II of the ADA)

21.     Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

22.     Title II of the ADA, 42 U.S.C. § 12132, prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability. Sidewalks are a "service" provided by cities and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

23.     Defendant Eugene is responsible for ensuring that pedestrians have an accessible path of travel around all construction sites in the City of Eugene.  By the actions described

COMPLAINT                                                                                      **Page 10**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

herein, Defendant Eugene has failed to ensure such an accessible path of travel through or around construction sites in the city, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of 42 U.S.C. § 12132.

24.     Plaintiff Moore has been harmed by Defendant Eugene's actions.  She would like to walk in areas where construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

25.     Plaintiff Greulich has been harmed by Defendant Eugene's actions.  Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards.  Plaintiff Greulich has also expended substantial time and resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant Eugene on the relevant rules.

26.     Pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a, Plaintiffs are entitled to equitable relief that:

(a)     Declares Defendant Eugene has violated 42 U.S.C. § 12132 by failing to ensure there is an accessible path of travel through or around all construction sites in the city;

(b)     Requires Defendant Eugene to commence an immediate review of all active construction sites in its jurisdiction to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, to stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant Eugene involved in the permitting and inspection process to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the

COMPLAINT                                                                                          **Page 11**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

American Traffic Safety Services Association or similar organization.  All subsequent employees involved in the permitting and inspection process must undergo the same training and may not issue permits or conduct site inspections until such training is completed;

(d)      Requires Defendant Eugene to change and/or enforce its permit application process so that all applications that relate to work that would interfere with any pedestrian right of way, including for blanket permits such as those relating to utility work, must include a detailed plan explaining how pedestrians will be accommodated and how compliance with the MUTCD will be accomplished.  A trained and qualified employee of Defendant Eugene must review this plan for compliance with the MUTCD and cannot approve an application until compliance with the MUTCD is achieved.  The review must take into consideration the existence of neighboring work zones and the potential for overlapping construction sites that impact the public right of way.  Defendant Eugene must also ensure that any and all changes to an approved traffic control plan affecting a temporary pedestrian access route, including but not limited to staging and scheduling, must be approved by whoever approved the traffic control plan with documentation showing who authorized change and when it was made;

(e)      Requires Defendant Eugene to change and/or enforce its permit application process so that all individuals or entities requesting construction permits or otherwise performing work that may affect the public right of way, and all contractors who bid on construction projects, must certify that they are familiar with, and trained on, the MUTCD standards for accessibility in work zones as a prerequisite to working on any project;

(f)      Requires Defendant Eugene to change and/or enforce its oversight procedure so that trained city employees must regularly inspect active construction sites,

COMPLAINT                                                                                      **Page 12**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

including sites where work is performed under a blanket permit, to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(g)      Requires Defendant Eugene to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant Eugene's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant Eugene must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(h)      Requires Defendant Eugene to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in Eugene to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(i)      Requires Defendant Eugene to post on its website in an accessible format regular and sustained updates on projects affecting public rights of way, including at least seven days' notice before construction on such a project begins, as well as underlying documents relating to oversight of public rights of way such as jurisdictional transfer agreements, agency agreements, street classifications, complaint logs (including follow up), and qualified product lists (including criteria).

27.      Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

COMPLAINT                                                                                          **Page 13**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

## SECOND CLAIM FOR RELIEF

## (Against Defendant ODOT)

## (42 U.S.C. § 12132 – Title II of the ADA)

28.     Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

29.     Title II of the ADA, 42 U.S.C. § 12132, prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability. State roads are a "service" provided by ODOT and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

30.     Defendant ODOT is responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites in the City of Eugene that receive federal funding and that all such construction sites comply with federal law.  Defendant ODOT is also responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites on state roads in the City of Eugene that impact public rights of way.  By the actions described herein, Defendant ODOT has failed to ensure such an accessible path of travel on federally funded construction sites in the city, including but not limited to the South Willamette Street Enhancement project, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of 42 U.S.C. § 12132.

31.     Plaintiff Moore has been harmed by Defendant ODOT's actions.  She would like to walk in areas where federally funded construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

32.     Plaintiff Greulich has been harmed by Defendant ODOT's actions.  Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards.  Plaintiff Greulich has also expended substantial time and

COMPLAINT                                                                                          **Page 14**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant ODOT on the relevant rules.

33.    Pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a, Plaintiffs are entitled to equitable relief that:

(a)    Declares Defendant ODOT has violated 42 U.S.C. § 12132 by failing to ensure there is an accessible path of travel through or around all construction sites in the city of Eugene that receive federal funding;

(b)    Requires Defendant ODOT to commence an immediate review of all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop all work at the site until the problems are remedied;

(c)    Requires all employees of Defendant ODOT involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the Oregon Temporary Traffic Control Handbook ("OTTCH"), or involved in the drafting of ODOT Standard Drawings and/or Qualified Products Lists, to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH must undergo the same training;

(d)    Requires Defendant ODOT to change and/or enforce its oversight procedure so that trained employees must regularly inspect active construction sites in the city of Eugene that receive federal funds or are located on state roads to confirm that the

COMPLAINT    **Page 15**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(e)  Requires Defendant ODOT to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant ODOT's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant ODOT must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(f)  Requires Defendant ODOT to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(g)  Requires Defendant ODOT to conduct a comprehensive review of all drawings, documents, and information it produces regarding pedestrian access routes through work zones and make all changes necessary to ensure such drawings and guidance are clear and consistent with the standards established by the MUTCD and provide adequate guidance to apply to every type of closure affecting the public right of way.

34.  Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

COMPLAINT                                                              **Page 16**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

### THIRD CLAIM FOR RELIEF

### (Against Defendant Eugene)

### (29 U.S.C. § 794 – Section 504 of Rehabilitation Act)

35.     Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

36.     Defendant Eugene receives federal financial assistance and is subject to section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 794(b)(2)(A).  29 U.S.C. § 794(a) prohibits recipients of federal funds from excluding individuals from the recipient's services, programs, or activities on account of disability.  Sidewalks are a "service" provided by cities and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

37.     Defendant Eugene is responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites in the City of Eugene.  By the actions described herein, Defendant Eugene has failed to ensure such an accessible path of travel around construction sites in the city, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of 29 U.S.C. § 794(a).

38.     Plaintiff Moore has been harmed by Defendant Eugene's actions.  She would like to walk in areas where construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

39.     Plaintiff Greulich has been harmed by Defendant Eugene's actions.  Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards.  Plaintiff Greulich has also expended substantial time and resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant Eugene on the relevant rules.

COMPLAINT                                                                                       **Page 17**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

40. Pursuant to 29 U.S.C. § 794a, Plaintiffs are entitled to equitable relief that:

(a) Declares Defendant Eugene has violated 29 U.S.C. § 794(a) by failing to ensure there is an accessible path of travel through or around all construction sites in the city;

(b) Requires Defendant Eugene to commence an immediate review of all active construction sites in its jurisdiction to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, to stop work at the site until the problems are remedied;

(c) Requires all employees of Defendant Eugene involved in the permitting and inspection process to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization. All subsequent employees involved in the permitting and inspection process must undergo the same training and may not issue permits or conduct site inspections until such training is completed;

(d) Requires Defendant Eugene to change and/or enforce its permit application process so that all applications that relate to work that would interfere with any pedestrian right of way, including for blanket permits such as those relating to utility work, must include a detailed plan explaining how pedestrians will be accommodated and how compliance with the MUTCD will be accomplished. A trained and qualified employee of Defendant Eugene must review this plan for compliance with the MUTCD and cannot approve an application until compliance with the MUTCD is achieved. The review must take into consideration the existence of neighboring work zones and the potential for overlapping construction sites that impact the public right of way. Defendant

COMPLAINT                                                                      **Page 18**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

Eugene must also ensure that any and all changes to an approved traffic control plan affecting a temporary pedestrian access route, including but not limited to staging and scheduling, must be approved by whoever approved the traffic control plan with documentation showing who authorized change and when it was made;

(e)     Requires Defendant Eugene to change and/or enforce its permit application process so that all individuals or entities requesting construction permits or otherwise performing work that may affect the public right of way, and all contractors who bid on construction projects, must certify that they are familiar with, and trained on, the MUTCD standards for accessibility in work zones as a prerequisite to working on any project;

(f)     Requires Defendant Eugene to change and/or enforce its oversight procedure so that trained city employees must regularly inspect active construction sites, including sites where work is performed under a blanket permit, to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(g)     Requires Defendant Eugene to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant Eugene's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant Eugene must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

COMPLAINT                                                                                    **Page 19**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(h)      Requires Defendant Eugene to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in Eugene to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(i)      Requires Defendant Eugene to post on its website in an accessible format regular and sustained updates on projects affecting public rights of way, including at least seven days' notice before construction on such a project begins, as well as underlying documents relating to oversight of public rights of way such as jurisdictional transfer agreements, agency agreements, street classifications, complaint logs (including follow up), and qualified product lists (including criteria).

41.      Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to 29 U.S.C. § 794a.

## FOURTH CLAIM FOR RELIEF

### (Against Defendant ODOT)

### (29 U.S.C. § 794 – Section 504 of Rehabilitation Act)

42.      Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

43.      Defendant ODOT receives federal financial assistance and is subject to section 504 of the Rehabilitation Act, pursuant to 29 U.S.C. § 794(b)(2)(A).  29 U.S.C. § 794(a) prohibits recipients of federal funds from excluding individuals from the recipient's services, programs, or activities on account of disability.  State roads are a "service" provided by ODOT and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

44.      Defendant ODOT is responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites in the City of Eugene that receive federal funding and that all such construction sites comply with federal law.  Defendant ODOT is also

COMPLAINT                                                                                        **Page 20**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites on state roads in the City of Eugene that impact public rights of way. By the actions described herein, Defendant ODOT has failed to ensure such an accessible path of travel on federally funded construction sites in the city, including but not limited to the South Willamette Street Enhancement project, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of 29 U.S.C. § 794(a).

45.    Plaintiff Moore has been harmed by Defendant ODOT's actions. She would like to walk in areas where federally funded construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

46.    Plaintiff Greulich has been harmed by Defendant ODOT's actions. Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards. Plaintiff Greulich has also expended substantial time and resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant ODOT on the relevant rules.

47.    Pursuant to 29 U.S.C. § 794a, Plaintiffs are entitled to equitable relief that:

(a)    Declares Defendant ODOT has violated 29 U.S.C. § 794(a) by failing to ensure there is an accessible path of travel through or around all construction sites in the city of Eugene that receive federal funding;

(b)    Requires Defendant ODOT to commence an immediate review of all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop all work at the site until the problems are remedied;

COMPLAINT                                                                                          **Page 21**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(c)      Requires all employees of Defendant ODOT involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH, or involved in the drafting of ODOT Standard Drawings and/or Qualified Products Lists, to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH must undergo the same training;

(d)      Requires Defendant ODOT to change and/or enforce its oversight procedure so that trained employees must regularly inspect active construction sites in the city of Eugene that receive federal funds or are located on state roads to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(e)      Requires Defendant ODOT to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant ODOT's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant ODOT must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(f)      Requires Defendant ODOT to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in the city of Eugene

COMPLAINT                                                                                          **Page 22**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(g)    Requires Defendant ODOT to conduct a comprehensive review of all drawings, documents, and information it produces regarding pedestrian access routes through work zones and make all changes necessary to ensure such drawings and guidance are clear and consistent with the standards established by the MUTCD and provide adequate guidance to apply to every type of closure affecting the public right of way.

48.    Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to 29 U.S.C. § 794a.

## FIFTH CLAIM FOR RELIEF

### (Against Defendant Eugene)

### (ORS 659A.142)

49.    Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

50.    ORS 659A.142 prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability.  Sidewalks are a "service" provided by cities and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

51.    Defendant Eugene is responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites in the City of Eugene.  By the actions described herein, Defendant Eugene has failed to ensure such an accessible path of travel around several construction sites in the city, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of ORS 659A.142.

COMPLAINT                                                                                              **Page 23**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

52.     Plaintiff Moore has been harmed by Defendant Eugene's actions.  She would like to walk in areas where construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

53.     Plaintiff Greulich has been harmed by Defendant Eugene's actions.  Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards.  Plaintiff Greulich has also expended substantial time and resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant Eugene on the relevant rules.

54.     Pursuant to ORS 659A.885, Plaintiffs are entitled to equitable relief that:

(a)     Declares Defendant Eugene has violated ORS 659A.142 by failing to ensure there is an accessible path of travel through or around all construction sites in the city;

(b)     Requires Defendant Eugene to commence an immediate review of all active construction sites in its jurisdiction to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant Eugene involved in the permitting and inspection process to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in the permitting and inspection process must undergo the same training and may not issue permits or conduct site inspections until such training is completed;

COMPLAINT                                                                                    **Page 24**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(d)      Requires Defendant Eugene to change and/or enforce its permit application process so that all applications that relate to work that would interfere with any pedestrian right of way, including for blanket permits such as those relating to utility work, must include a detailed plan explaining how pedestrians will be accommodated and how compliance with the MUTCD will be accomplished.  A trained and qualified employee of Defendant Eugene must review this plan for compliance with the MUTCD and cannot approve an application until compliance with the MUTCD is achieved. The review must take into consideration the existence of neighboring work zones and the potential for overlapping construction sites that impact the public right of way. Defendant Eugene must also ensure that any and all changes to an approved traffic control plan affecting a temporary pedestrian access route, including but not limited to staging and scheduling, must be approved by whoever approved the traffic control plan with documentation showing who authorized change and when it was made;

(e)      Requires Defendant Eugene to change and/or enforce its permit application process so that all individuals or entities requesting construction permits or otherwise performing work that may affect the public right of way, and all contractors who bid on construction projects, must certify that they are familiar with, and trained on, the MUTCD standards for accessibility in work zones as a prerequisite to working on any project;

(f)      Requires Defendant Eugene to change and/or enforce its oversight procedure so that trained city employees must regularly inspect active construction sites, including sites where work is performed under a blanket permit, to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are

COMPLAINT                                                                                          **Page 25**

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(g)     Requires Defendant Eugene to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant Eugene's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant Eugene must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(h)     Requires Defendant Eugene to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in Eugene to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(i)     Requires Defendant Eugene to post on its website in an accessible format regular and sustained updates on projects affecting public rights of way, including at least seven days' notice before construction on such a project begins, as well as underlying documents relating to oversight of public rights of way such as jurisdictional transfer agreements, agency agreements, street classifications, complaint logs (including follow up), and qualified product lists (including criteria).

55.     Plaintiffs are entitled to an award of compensatory damages for all costs incurred in investigating and documenting Defendants' violations, pursuant to ORS 659A.885.

56.     Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to ORS 659A.885.

COMPLAINT                                                                                          **Page 26**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

## SIXTH CLAIM FOR RELIEF

### (Against Defendant ODOT)

### (ORS 659A.142)

57.     Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

58.     ORS 659A.142 prohibits public entities from excluding individuals from the public entity's services, programs, or activities on account of disability.  State roads are a "service" provided by ODOT and, as such, are a benefit from which qualified individuals with a disability may not be excluded.

59.     Defendant ODOT is responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites in the City of Eugene that receive federal funding and that all such construction sites comply with state law.  Defendant ODOT is also responsible for ensuring that pedestrians have an accessible path of travel through or around all construction sites on state roads in the City of Eugene that impact public rights of way.  By the actions described herein, Defendant ODOT has failed to ensure such an accessible path of travel on federally funded construction sites in the city, including but not limited to the South Willamette Street Enhancement project, thereby excluding individuals with disabilities from travelling by foot in those areas, in violation of ORS 659A.142.

60.     Plaintiff Moore has been harmed by Defendant ODOT's actions.  She would like to walk in areas where federally funded construction zones have rendered the path of travel inaccessible to her, but has been excluded from those areas because she could not travel safely and without risk of being hit by a car, falling into an open trench, or otherwise being seriously injured.

61.     Plaintiff Greulich has been harmed by Defendant ODOT's actions.  Because Plaintiff Moore cannot travel freely on her own, he has had to accompany her while walking and guide her around potential hazards.  Plaintiff Greulich has also expended substantial time and

COMPLAINT                                                                                      **Page 27**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

resources to advocating for Plaintiff Moore and other disabled pedestrians and attempting to educate Defendant ODOT on the relevant rules.

62.     Pursuant to ORS 659A.885, Plaintiffs are entitled to equitable relief that:

(a)     Declares Defendant ODOT has violated ORS 659A.142 by failing to ensure there is an accessible path of travel through or around all construction sites in the city of Eugene that receive federal funding;

(b)     Requires Defendant ODOT to commence an immediate review of all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant ODOT involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH, or involved in the drafting of ODOT Standard Drawings and/or Qualified Products Lists, to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH must undergo the same training;

(d)     Requires Defendant ODOT to change and/or enforce its oversight procedure so that trained employees must regularly inspect active construction sites in the city of Eugene that receive federal funds or are located on state roads to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are

COMPLAINT                                                                                    **Page 28**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(e)    Requires Defendant ODOT to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones. The contact information for this point person must be highlighted on Defendant ODOT's website as the person to contact to report accessibility problems in construction zones. Once a complaint is received, Defendant ODOT must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(f)    Requires Defendant ODOT to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(g)    Requires Defendant ODOT to conduct a comprehensive review of all drawings, documents, and information it produces regarding pedestrian access routes through work zones and make all changes necessary to ensure such drawings and guidance are clear and consistent with the standards established by the MUTCD and provide adequate guidance to apply to every type of closure affecting the public right of way.

63.    Plaintiffs are entitled to an award of compensatory damages for all costs incurred in investigating and documenting Defendants' violations, pursuant to ORS 659A.885.

64.    Plaintiffs are entitled to an award of their attorneys' fees and costs pursuant to ORS 659A.885.

COMPLAINT    **Page 29**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant Eugene)

### (Declaratory Judgment)

65.     Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

66.     There exists a controversy between Plaintiffs and Defendant Eugene regarding Defendant Eugene's obligations in ensuring that disabled have an accessible path of travel through or around all construction sites in the City of Eugene.

67.     Plaintiffs have no plain, speedy, or adequate remedy at law to resolve this dispute.

68.     Plaintiffs are entitled to an Order that:

(a)     Declares Defendant Eugene has failed to comply with its obligation to ensure there is an accessible path of travel through or around all construction sites in the city;

(b)     Requires Defendant Eugene to commence an immediate review of all active construction sites in its jurisdiction to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, to stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant Eugene involved in the permitting and inspection process to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in the permitting and inspection process must undergo the same training and may not issue permits or conduct site inspections until such training is completed;

COMPLAINT                                                                                                    **Page 30**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(d)      Requires Defendant Eugene to change and/or enforce its permit application process so that all applications that relate to work that would interfere with any pedestrian right of way, including for blanket permits such as those relating to utility work, must include a detailed plan explaining how pedestrians will be accommodated and how compliance with the MUTCD will be accomplished.  A trained and qualified employee of Defendant Eugene must review this plan for compliance with the MUTCD and cannot approve an application until compliance with the MUTCD is achieved.  The review must take into consideration the existence of neighboring work zones and the potential for overlapping construction sites that impact the public right of way. Defendant Eugene must also ensure that any and all changes to an approved traffic control plan affecting a temporary pedestrian access route, including but not limited to staging and scheduling, must be approved by whoever approved the traffic control plan with documentation showing who authorized change and when it was made;

(e)      Requires Defendant Eugene to change and/or enforce its permit application process so that all individuals or entities requesting construction permits or otherwise performing work that may affect the public right of way, and all contractors who bid on construction projects, must certify that they are familiar with, and trained on, the MUTCD standards for accessibility in work zones as a prerequisite to working on any project;

(f)      Requires Defendant Eugene to change and/or enforce its oversight procedure so that trained city employees must regularly inspect active construction sites, including sites where work is performed under a blanket permit, to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are

COMPLAINT                                                                                      **Page 31**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(g)    Requires Defendant Eugene to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant Eugene's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant Eugene must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(h)    Requires Defendant Eugene to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in Eugene to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(i)    Requires Defendant Eugene to post on its website in an accessible format regular and sustained updates on projects affecting public rights of way, including at least seven days' notice before construction on such a project begins, as well as underlying documents relating to oversight of public rights of way such as jurisdictional transfer agreements, agency agreements, street classifications, complaint logs (including follow up), and qualified product lists (including criteria).

69.    Plaintiffs are entitled their costs and disbursements in bringing this action.

## EIGHTH CLAIM FOR RELIEF

### (Against Defendant ODOT)

### (Declaratory Judgment)

70.    Plaintiffs reallege paragraphs 1 through 20 as though fully set forth herein.

COMPLAINT                                                                                           **Page 32**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

71.     There exists a controversy between Plaintiffs and Defendant ODOT regarding Defendant ODOT's obligations in ensuring that disabled have an accessible path of travel through or around all construction sites in the City of Eugene that receive federal funding or are located on state roads.

72.     Plaintiffs have no plain, speedy, or adequate remedy at law to resolve this dispute.

73.     Plaintiffs are entitled to an Order that:

(a)     Declares Defendant ODOT has failed to comply with its obligation to ensure there is an accessible path of travel through or around all construction sites in the city of Eugene that receive federal funding;

(b)     Requires Defendant ODOT to commence an immediate review of all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop all work at the site until the problems are remedied;

(c)     Requires all employees of Defendant ODOT involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH, or involved in the drafting of ODOT Standard Drawings and/or Qualified Products Lists, to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH must undergo the same training;

(d)     Requires Defendant ODOT to change and/or enforce its oversight procedure so that trained employees must regularly inspect active construction sites in the

COMPLAINT                                                                                      **Page 33**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

city of Eugene that receive federal funds or are located on state roads to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(e)    Requires Defendant ODOT to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant ODOT's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant ODOT must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(f)    Requires Defendant ODOT to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(g)    Requires Defendant ODOT to conduct a comprehensive review of all drawings, documents, and information it produces regarding pedestrian access routes through work zones and make all changes necessary to ensure such drawings and guidance are clear and consistent with the standards established by the MUTCD and provide adequate guidance to apply to every type of closure affecting the public right of way.

COMPLAINT                                                                                          **Page 34**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

74.     Plaintiffs are entitled their costs and disbursements in bringing this action.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants and requests the Court to grant relief as follows:

1.     A jury trial to determine the factual questions raised herein;

2.     That the Court assume jurisdiction over Plaintiffs' claims;

3.     On the First, Third, Fifth, and Seventh Claims for Relief, Plaintiffs pray for an order that:

(a)     Declares Defendant Eugene has violated 42 U.S.C. § 12132, ORS 659A.142, and 29 U.S.C. § 794(a) by failing to ensure there is an accessible path of travel through or around all construction sites in the city;

(b)     Requires Defendant Eugene to commence an immediate review of all active construction sites in its jurisdiction to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant Eugene involved in the permitting and inspection process to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in the permitting and inspection process must undergo the same training and may not issue permits or conduct site inspections until such training is completed;

(d)     Requires Defendant Eugene to change and/or enforce its permit application process so that all applications that relate to work that would interfere with any pedestrian

COMPLAINT                                                                                          **Page 35**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

right of way, including for blanket permits such as those relating to utility work, must include a detailed plan explaining how pedestrians will be accommodated and how compliance with the MUTCD will be accomplished. A trained and qualified employee of Defendant Eugene must review this plan for compliance with the MUTCD and cannot approve an application until compliance with the MUTCD is achieved. The review must take into consideration the existence of neighboring work zones and the potential for overlapping construction sites that impact the public right of way. Defendant Eugene must also ensure that any and all changes to an approved traffic control plan affecting a temporary pedestrian access route, including but not limited to staging and scheduling, must be approved by whoever approved the traffic control plan with documentation showing who authorized change and when it was made;

(e)      Requires Defendant Eugene to change and/or enforce its permit application process so that all individuals or entities requesting construction permits or otherwise performing work that may affect the public right of way, and all contractors who bid on construction projects, must certify that they are familiar with, and trained on, the MUTCD standards for accessibility in work zones as a prerequisite to working on any project;

(f)      Requires Defendant Eugene to change and/or enforce its oversight procedure so that trained city employees must regularly inspect active construction sites, including sites where work is performed under a blanket permit, to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

COMPLAINT                                                                    **Page 36**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(g)     Requires Defendant Eugene to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant Eugene's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant Eugene must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

(h)     Requires Defendant Eugene to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in Eugene to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(i)     Requires Defendant Eugene to post on its website in an accessible format regular and sustained updates on projects affecting public rights of way, including at least seven days' notice before construction on such a project begins, as well as underlying documents relating to oversight of public rights of way such as jurisdictional transfer agreements, agency agreements, street classifications, complaint logs (including follow up), and qualified product lists (including criteria).

4.     On the Second, Fourth, Sixth, and Eighth Claims for Relief, Plaintiffs pray for an order that:

(a)     Declares Defendant ODOT has violated 42 U.S.C. § 12132, ORS 659A.142, and 29 U.S.C. § 794(a) by failing to ensure there is an accessible path of travel through or around all construction sites in the city of Eugene that receive federal funding;

(b)     Requires Defendant ODOT to commence an immediate review of all active construction sites in the city of Eugene that receive federal funds or are located on state

COMPLAINT                                                                                      **Page 37**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

roads to determine compliance with the requirements of the MUTCD and, when areas of non-compliance are detected, stop work at the site until the problems are remedied;

(c)     Requires all employees of Defendant ODOT involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH, or involved in the drafting of ODOT Standard Drawings and/or Qualified Products Lists, to undergo training on the legal requirements for accommodating disabled pedestrians in construction zones, including, specifically, the standards established in the MUTCD, to be conducted by Accessible Design for the Blind, the American Traffic Safety Services Association or similar organization.  All subsequent employees involved in overseeing compliance with or enforcement of the MUTCD, the Oregon Supplement to the MUTCD, or the OTTCH must undergo the same training;

(d)     Requires Defendant ODOT to change and/or enforce its oversight procedure so that trained employees must regularly inspect active construction sites in the city of Eugene that receive federal funds or are located on state roads to confirm that the requirements of the MUTCD are being followed and, if violations are found, to shut down all construction activity at the site until the requirements of the MUTCD are followed. Specifically, there must be an on-site visit prior to the commencement of construction and no less than one visit per week until the construction is completed;

(e)     Requires Defendant ODOT to establish a transparent reporting process whereby there is a qualified and trained point person who members of the public can contact to report non-compliant construction zones.  The contact information for this point person must be highlighted on Defendant ODOT's website as the person to contact to report accessibility problems in construction zones.  Once a complaint is received, Defendant ODOT must act within 24 hours to investigate the situation and, if a violation is found, to halt work at the subject site until the issue is remedied;

COMPLAINT                                                                              **Page 38**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

(f)      Requires Defendant ODOT to submit to and pay for a court-appointed independent expert to inspect and audit all active construction sites in the city of Eugene that receive federal funds or are located on state roads to determine compliance with the requirements of the MUTCD for a period of time to be determined by the Court but not less than one year; and

(g)      Requires Defendant ODOT to conduct a comprehensive review of all drawings, documents, and information it produces regarding pedestrian access routes through work zones and make all changes necessary to ensure such drawings and guidance are clear and consistent with the standards established by the MUTCD and provide adequate guidance to apply to every type of closure affecting the public right of way.

5.      On Plaintiffs' First, Third, and Fifth and Claims for Relief, Plaintiffs pray for an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794a, and ORS 659A.885;

6.      On Plaintiffs' Second, Fourth, and Sixth Claims for Relief, Plaintiffs pray for an award of their attorneys' fees and costs pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794a, and ORS 659A.885;

7.      On Plaintiffs' Fifth and Sixth Claims for Relief, an award of compensatory damages for all costs incurred in investigating and documenting Defendants' violations, pursuant to ORS 659A.885; and

/ / /

/ / /

/ / /

COMPLAINT                                                                                           **Page 39**

KELL, ALTERMAN & RUNSTEIN, L.L.P.
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193

8.       All such other relief as the interests of justice required.

DATED this 31st day of August, 2021.

s/Dennis Steinman                         
**DENNIS STEINMAN**
954250
503/222-3531
**Attorneys for Plaintiffs**

COMPLAINT                                              **Page 40**

**KELL, ALTERMAN & RUNSTEIN, L.L.P.**
ATTORNEYS AT LAW
520 SW YAMHILL, SUITE 600
PORTLAND, OR 97204
TELEPHONE (503) 222-3531
FACSIMILE (503) 227-2980

01218193